IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:23-CR-00061-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JAMES CHRISTOPHER ROBINSON, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant James C. Robinson's Motion for Special Master (Doc. No. 21). The Court has carefully considered this motion and the parties' briefs in support of their respective positions. For the reasons discussed below, the Court will **DENY** the motion.

18 U.S.C. § 3664(d)(6) permits the Court to "refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court." Special masters are generally appointed in cases which require complex investigations or other intensive fact finding. *See United States v. Rakhamimov*, No. WDQ-13-0662, 2015 WL 6739579, at *5 (D. Md. Nov. 2, 2015) (noting that special masters are often appointed "[i]n difficult cases, in which a court does not have the evidence needed to calculate actual loss.").

This case involves few victims and easily calculable losses. More to the point, the Defendant's purpose in seeking a special master in this case is not to conduct fact finding or make recommendations as to the disposition of any factual dispute. Instead, the special master is intended only serve to continue negotiations with the Internal Revenue Service and try to sell the

1

property at issue, tasks that both the Defendant and the Government have previously (but unsuccessfully) undertaken. *See* Doc. No. 21 at 5.

Importantly, Defendant fails to offer any reason as to why a special master would be more likely to be successful than the parties. Defendant also concedes that the parties could have the U.S. Marshals Service liquidate the property after the sentencing hearing. While the Court acknowledges the possibility that such an auction could potentially lead to a different sale price, this possibility is insufficient to justify appointing a special master, particularly when Defendant himself originally sought to sell the property by auction. *Id.* at 4. The Court, therefore, will deny Defendant's motion.

**SO ORDERED.**

Signed: July 11, 2024

Kenneth D. Bell
United States District Judge